**In re Cheryl A. SHOPE, Arnold L. Shope, Debtors.**

**Frank Pees, Chapter 13 Trustee, Plaintiff,**

v.

**John R. Jurgensen Company, Defendant.**

**Bankrptcy No. 02–54568. Adversary No. 02–02591.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 1, 2004.

John F. Cannizzaro, Marysville, OH, for Plaintiff.

C. Curtis Walden, Cincinnati, OH, for Defendant.

## OPINION AND ORDER ON TRUSTEE'S COMPLAINT FOR TURNOVER

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the chapter 13 trustee's complaint for turnover of certain equipment previously owned by the debtors pursuant to 11 U.S.C. § 542. The trustee alternatively seeks to receive the value of the equipment. The defendant, John R. Jurgensen Company, denied that it had ever exerted control over the debtors' equipment. On January 5, 2004, the matter was tried to the Court.

■ This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(E).

The evidence established that the debtor, Cheryl Shope, was the owner of ACS Contractors. ACS was a fencing subcontractor on an Ohio Department of Transportation highway project in Warren County in 2000 and 2001. The defendant was the general contractor for this project and was in control of the worksite.

The evidence further showed that a dispute arose between ACS and the defendant which resulted in ACS's walking off the project in the summer of 2001 prior to completion of the fencing work. Pursuant to the parties' contract, ACS had to leave its equipment on site so that any subcontractor brought in to complete the job could utilize the equipment. The actual subcontractor that ultimately completed the work did not, however, use ACS's equipment.

ACS sent an employee, Patrick Decker, to pick up a skid loader from the worksite

in September or October 2001. The defendant refused to allow him to remove the skid loader. A couple of weeks later, Arnold Shope and Decker returned to the job site. Although the project had still not been completed, they did not see the skid loader. John Little, a long-time employee of the defendant and the construction supervisor for the Warren County project, testified that the skid loader was still there when the project shut down, but that when he returned to the site in Spring 2002, only the trailer belonging to ACS remained. ACS never recovered the skid loader or the trailer from the defendant.

■ The Court finds that the evidence established a bailment for mutual benefit under Ohio law. "Bailment exists where one person delivers personal property to be held for a specific purpose with a contract, express or implied, that the property shall be returned or accounted for when this special purpose is accomplished or retained until the bailor reclaims the property." *Tomas v. Nationwide Mut. Ins. Co.*, 79 Ohio App.3d 624, 607 N.E.2d 944 (1992). As a bailee, the defendant was required to redeliver the equipment to ACS once the project was completed or to establish a legal excuse for its failure of redelivery. *Templeton v. DiPaolo Truck Services, Inc.*, 2001 WL 584310 (Ohio Ct.App. May 22, 2001). The defendant did not establish a legal excuse, and its contentions that ACS abandoned the equipment or failed to pick the equipment up when asked to do so were not supported by the evidence.

Although the trustee sought turnover of numerous pieces of equipment or the value thereof, the Court finds that only the skid loader and the trailer can be said to have been in the defendant's possession. The uncontroverted testimony of Arnold Shope established the auction value of the skid loader on site as $7,500, while the value of the trailer was between $1,500 and $2,000. The defendant will be liable to the trustee for these amounts.

Based on the foregoing, a judgment shall be entered in favor of the chapter 13 trustee and against the defendant for $9,250.

**IT IS SO ORDERED.**